UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEQUIS TINA-DOMINIQUE MAYES,

    Petitioner,

Case No. 4:18-cv-10714
Hon. Matthew F. Leitman

v.

SHAWN BREWER,

    Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO STAY
PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 3)
AND ADMINISTRATIVELY CLOSING CASE**

Jequis Tina-Dominique Mayes, ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her state court conviction of four counts of operating a motor vehicle causing death and four counts of manslaughter.

A state prisoner who seeks federal habeas relief must first exhaust her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Petitioner asserts that she presented four claims on direct appeal in the Michigan Court of Appeals and Michigan Supreme Court, challenging the validity of her conviction and sentence. Petitioner states that she has additional constitutional claims related to the effective assistance of counsel for failing to preserve her other claims at trial.

1

Petitioner asserts that she wishes to present her new claims to the state trial court in a motion for relief from judgment. She requests that the Court stay the case while she continues to pursue state post-conviction review with respect to these new claims. To avoid problems with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005).

The Court holds the petition in abeyance. Petitioner must exhaust her new claims in state court by pursing her motion for relief from judgment and any appeal following its disposition to the Michigan Court of Appeals and Michigan Supreme Court. *See e.g. Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Further, she must ask this Court to lift the stay within sixty days of exhausting her state court remedies. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

It is **ORDERED** that the motion to stay is **GRANTED** and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's state post-conviction review proceeding.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:   March 6, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 6, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764